# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                               **Case No. 07-CR-284**

**DANIEL J. GOLDSMITH,**

    Defendant.

### ORDER GRANTING MOTION TO FILE BRIEF INSTANTER

On November 28, 2007, the defendant Daniel Goldsmith appeared for an arraignment and plea. At that time, this court issued a written pretrial order which provided that all motions were to be filed by December 18, 2007, with responses due on December 28, 2007. The defendant filed a motion to suppress evidence on December 18, 2007, in accordance with the court's pretrial order.

On January 3, 2008, the government filed a motion to file its responsive brief instanter. In support of its motion, Assistant United States Attorney Nelson Phillips III filed an affidavit wherein he sets forth his explanation for not filing the government's responsive brief on December 28, 2007. Attorney Phillips states that "[o]n December 28, 2007, [he] realized the Court's briefing schedule had not taken into account the exclusion of weekends and holidays pursuant to the Federal Rules of Criminal Procedure (Fed.R.Crim. P.) 45(a)(1) and 45(a)(2), and Eastern District of Wisconsin Local Rule (EDWI L.R.) 12.22(a)." He further alleges that the aforementioned rules permit a "customary ten day response period" and thus, the government's response could be filed on January 4, 2008. He goes on to state that a number of days, including December 24, 2007, should be excluded from the

ten day counting period, since they are either weekend days or legal holidays. Under his "exclusionary" counting theory, the government's response would not be due until January 11, 2008.

Since Attorney Phillips did contact the court by telephone on Friday, December 28, 2007, to indicate that he would be filing his brief late, and since Monday, January 1, 2008, was a recognized legal holiday, the court will grant the motion to file instanter. However, in so doing, this court must comment on Phillip's creative, but erroneous, view of the pretrial order issued in this case. This comment is necessary, since the order entered is similar in nature to pretrial orders entered in the majority of criminal cases filed in this district.

First of all, if Attorney Phillips is so confident that the method of counting the ten day period, as set forth in Rule 45, Fed. R. Crim. P., applies to the court's order, no motion to file instanter would be necessary, as that ten day period has not as yet expired. Of course, if such a period were to be used, Attorney Phillips is advised that December 24 is **not** a legal holiday. The fact that neither the United States Attorney's Office, or the federal courts, were in operation does not make it so. Rule 45(a)(4)(A) sets forth the days which are legal holidays, and while Christmas Day is listed, the day before is not. Pursuant to Rule 45(a)(4)(B), the President, Congress or the state in which the district court is held can declare a legal holiday, but that did not occur.

Second, as far as any "customary" ten day response period, which also apparently excludes weekends and legal holidays, the court is unaware of the "custom" to which Attorney Phillips has reference. The courts in this district operate pursuant to the federal rules of procedure and the local rules. The federal rules provide ten day periods for certain events, such as conducting a preliminary examination if a defendant charged in a criminal complaint is in custody, but the time periods established are specifically governed by the federal rules. See, Rule 5.1(c), Fed. R. Crim. P. Attorney

2

Phillips cites to Criminal Local Rule 12.2(a) which provides for motions to be filed within 20 days after arraignment and responses 10 days thereafter, but the rule also contains this preface, "Unless otherwise provided by pretrial scheduling order in a specific case, . . ." A pretrial scheduling order was entered in this case.

Therefore, this is not a case which required any counting. The pretrial order established a specific date for the government's response - December 28, 2007. That is a date certain; no counting and exclusion of weekends and holidays is necessary. The government's response obligation was clear, and it was established on November 28, 2007. The government failed to file its response to the defendant's motion to suppress in a timely manner.

Attorney Phillips recognized that his response would not be filed on December 28; that is why he contacted this court's staff on that date. However, instead of looking for creative ways to explain his conduct, it is often best to simply "fall on one's sword," and admit a mistake. In any event, the bottom line is that Phillips missed the deadline. He missed the deadline and has now failed to establish good cause for not submitting a timely response.

As stated earlier, the motion will be granted, as it is within the court's discretionary authority to do so. The time for the defendant to reply is hereby extended to **January 8, 2008.**

SO ORDERED.

Dated at Milwaukee, Wisconsin, this 4th day of January, 2008.

s/AARON E. GOODSTEIN
U.S. MAGISTRATE JUDGE